## BUSBY AND OTHERS v. THE STATE.

Where a *capias* is issued by the Court in session returnable forthwith, the Sheriff has no authority under Article 2889, Hart. Dig., to take a bond for his appearance, and a bond so taken is void.

Where a defendant in a criminal case had given bond for his appearance, upon which there was judgment, from which the defendant and his sureties appealed, the bond being void, the judgment was reversed as to all the appellants, notwithstanding the original defendant had not surrendered himself.

Appeal from Guadalupe. In this case a judgment was rendered against the defendants, on a *scire facias*, sued out upon a forfeited bond, given by Busby, the first named appellant, with the other appellants as his security. The record shows that a true bill had been returned by the grand jury of Guadalupe county on the 27th day of October, A. D., 1852, being at the Fall Term, 1852, of the District Court for that county.

On the 29th day of the same month a *capias* was issued, directing the Sheriff forthwith to take the body of the said Busby and have him before the Court, then in session in the town of Seguin, to answer an indictment exhibited against him for an assault and battery, on which the Sheriff made the following return: " came to hand on the 29th October, 1852," (signed by the Sheriff,) " executed by personally arresting the defendant H. Busby on the 30th October, 1852." Then follows a bond entered into by Busby, with the other appellants as his securities, conditioned for Busby's appearance before the District Court of the county on the 30th day of October, 1852, (the day of arrest,) and then and there remain and abide the order of the said Court, from day to day and from Term to Term, until discharged by the said Court. This bond was approved by the Sheriff, according to his indorsement. It bears no date; but, from the Clerk's indorsement, it was filed on the 3rd of November, A. D., 1852. The next order taken is at the next Term, 1853, when it appears that Busby was called out on his bond, and made default, and judgment *nisi* taken against Busby and his securities, and *scire facias* awarded. The *scire facias* was issued against the securities Anderson and King, and returned to the next succeeding Term, which was quashed on motion of counsel for the defendant, who at the same time moved to quash the bond as illegal and void. Another *scire facias* was issued against the securities, returnable to the next succeeding Term of the Court, and notice by publication in a newspaper to Busby. At the next Term, the *scire facias* being returned executed on the securities, and publication having been made of notice to Busby, the defendants by their counsel moved to quash the bond, for various reasons. The motion was overruled and judgment made final by the Court; from which defendants appealed.

*J. Ireland*, for appellants. The bond should have been quashed on motion in the Court *a quo*. It is more onerous than the law prescribes, and taken under color of office, it will

not sustain a judgment.   (2 Tex. R. 256 ; 1 Wat. & Serg. R. 261 ; 9 Tex. R. 1, and cases cited ; 5 Pet. R. 115.)

*Attorney General*, for appellee.   This writ is attempted to be prosecutad by Busby, while attempting to evade the law and defeat the ends of justice by using the liberty secured him by his bond, to flee beyond the jurisdiction of the Court.   But this, it is respectfully submitted, he cannot do ; the Court is referred to the case of Edwards v. The Republic, Dallam 535, as fully and decisively deciding this point.

As this is an enabling statute, and intended to secure the liberty of the citizen, it must be construed liberally, if necessary to effect this purpose ; and as the statute authorizes the Sheriff to take a bond in all cases, if there is necessarily a discrepancy between the power of this officer and the conditions of the bond, the latter should be enlarged by construction rather than restrict the former.   It may be urged that the right of the officer to take a bond during Term time is not within the spirit of the law, as it was only intended to relieve the prisoner from suing out a writ of *habeas corpus* or remaining in custody until the next Term of the Court ; but if the prisoner should have been arrested in a different county or in a distant part of the county in which the Court was setting, it is certainly not the intention or within the spirit of the law, that he must travel to the Court in custody of the officer, carrying with him his sureties whose solvency could much more correctly be decided upon by the Sheriff, than the Court or Clerk in taking a recognizance.

LIPSCOMB, J.   The main ground upon which the appellants rely to reverse the judgment, is the invalidity of the bond, taken by the Sheriff.   We believe the only authority given by the statute to the Sheriff to take a bond for the appearance of a person arrested by him under process, is found in Article 2889, Hart. Dig.   It is as follows, " That every Sheriff, when

"executing any writ of *capias* in any criminal or penal case "which may by law be bailable, may take from the defend-"ant a bond and security to the State, in any sum not less "than one hundred nor more than ten thousand dollars, con-"ditioned that he will appear at the District Court of the "proper county at the next Term thereof, then and there to an-"swer the charges exhibited against him, and that he will not "depart therefrom without leave of the Court; which bond "shall, by the said Sheriff, be returned and certified to the "proper Court."

It is clear, beyond controversy, that this law does not support the authority to take the bond sued on in this case. The statute only authorizes the Sheriff to take a bond to appear at the next succeeding Term of the Court. This bond was for the appearance of the defendant in the indictment the same day of the arrest, to the Court then in session; and it was neither taken in accordance with the statute nor the *mandate* of the Court, contained in the *capias*. That *mandate* was to have the prisoner forthwith before the Court, to answer the charge contained in the indictment; and the return of the bond was not a compliance with the order of the Court. The only return that could have been legally made by the Sheriff, was, that in obedience to the *capias* to him directed, he then had the body of the defendant in Court to abide its order. It would have been then competent for the Court, after the Sheriff had so produced the defendant, to have taken his recognizance to appear from day to day and from Term to Term and not to depart without leave of the Court, to abide such order as should be made. This is the course that should be observed, when the process is made returnable forthwith to the Court. We believe, then, that the Sheriff had no authority to take the bond sued on in this case; that his taking it was not in obedience to the process; and that it is void. The reversal of the judgment, on this ground, will go to the judgment against all of the parties, as the bond was not obligatory on any one of them. Another *capias* can be taken out against the defendant in the indict-

ment; but there can be no proceedings against him on a bond adjudged to be invalid, whether he was in Court when that judgment was rendered or not.

The judgment is reversed and the suit dismissed.

Reversed and dismissed.