## THE STATE v. W. MILLER ET AL.

Unless a bail bond recite the offense of which the principal is accused it cannot be the foundation of a judgment of forfeiture. (Paschal's Dig., Art. 2732, Note 709.)

The sheriff has no authority to exact a bond of one who voluntarily surrendered himself. He should take the prisoner before an examining court.

APPEAL from Goliad. The case was tried before Hon. WESLEY OGDEN, one of the district judges.

The question was upon the sufficiency of the bail bond taken by the sheriff and the power of that officer to receive it and return it to the court. The condition of the bond, which was in the penalty of $12,000, read as follows: "The condition of the above obligation is such, that whereas the above bound William Miller has surrendered himself into the custody of the sheriff of Goliad, in said state, and is now deprived of his liberty by said officer: Now, therefore, if the said William Miller shall be and personally appear before the honorable district court, to be holden within and for the county of Goliad, on the third Monday after the first Monday in August next, then and there to personally remain and be, nor depart therefrom without leave of the court, and remain from term to term and from day to day until legally discharged, to answer any indictment that may be found or preferred by the grand jury of said county upon a charge of the murder of Carlos de la Garza, on the 4th day of March, 1867, in the county of Goliad, then, there, and in that case, this obligation will be null and void, otherwise to remain in full force and effect."

At the next term of the court an indictment for the murder of de la Garza was preferred against William Miller, and he failing to appear, a regular judgment *nisi* was rendered against Miller and his sureties. But, upon the return of the *scire facias*, the defendants moved to set aside the judgment and quash the bond, because it was not taken by any officer authorized to take it, recited no offense, and was not conditioned, as the law directs. The motion was sustained and the bond quashed, from which judgment the state appealed.

*E. B. Turner, Attorney General,* for the state.—I. The party voluntarily surrendered; the bond was taken by the sheriff and approved by the justice; and it contained all the requisites required by the statute. (Paschal's Dig., Art. 2732.)

II. The defendant voluntarily waived all objections behind the bond.

*J. S. Givens,* for appellee, relied upon Barringer v. The State, 27 Tex., 553.

CALDWELL, J.—The appellee, without being charged with any offense, voluntarily surrendered himself to the sheriff, and then executed a bail bond, or what purports to be a bail bond, for his appearance at the next term of the district court. The pretended bond does not name the offense with which the defendant is accused. It is not " named in the bond." Again: the sheriff has no authority to exact a bail bond of one whom he has arrested or who voluntarily surrenders himself. It is his duty to take the accused before some magistrate, that the offense may be inquired into. The judgment of the court below in setting aside the judgment *nisi* is

AFFIRMED.