[No. 3018.]

. W. D. SHORT ET AL. *v.* THE STATE.

ON MOTION TO DISMISS APPEAL.

SCIRE FACIAS — PRACTICE — CASE STATED.—S. was bailed to appear be· fore a justice's court of C. county, upon a charge of wilfully burning a public bridge. Failing to make his appearance, forfeiture of the bond was taken, and judgment *nisi* was entered, and upon hearing was made final. From this judgment S. and his sureties appealed to the county court, the appeal bond being signed by all·the parties against whom judgment was rendered in justice's court, and by three other parties as sureties on the appeal bond. Judgment in the county court was rendered against the same parties to the judgment in the justice's court, but no judgment was taken against the three parties who signed the appeal bond as sureties. The same parties to the appeal to the county court appeal from that court to this, with the same parties as sureties on their appeal bond to this court, who were sureties on their appeal bond to the county court. The State's motion to dismiss the appeal to this court is based upon the following grounds: 1. Because there is no final judg· ment in the county court from which this appeal will lie. 2. Because the sureties on the appeal bond to the county court were not disposed of by the judgment of the county court. 3, 4 and 5. Because the sureties on the appeal bond to this court, being parties to the suit, because of being sureties on the appeal bond to the county court, are not competent sureties to the appeal bond to this court; and hence the appeal bond to this court is without sureties. *Held*, that, in order to authorize this appeal, it was not necessary that the final judgment should have disposed of the sureties on the appeal bond from the justice's to the county court; that, no judgment having been rendered·against the sureties on the appeal bond to the county court, they were competent sureties on the appeal bond to this court.

ON THE MERITS.

1. SCIRE FACIAS—PRACTICE—PLEADING—BURDEN OF PROOF.—The effect of a general denial is to put in issue all the material, issuable allegations of the plaintiff's petition. In a proceeding upon a forfeited bail bond, the citation serves the purpose of a petition, and a general denial pleaded to it puts in issue all the allegations constituting the State's cause of action, and casts upon the State the burden of proving such allegations. This being a *scire facias* case, and the general denial being pleaded, the trial court erred in holding that the case involved no question of fact.

2. SAME.—RIGHT OF TRIAL BY JURY is, by section 15 of the Bill of Rights, declared to be inviolate. Any party to a civil suit is entitled to a trial

by jury, upon complying with the requirements of law; while in criminal cases, save in specially excepted cases (Code of Criminal Procedure, Article 594), the only mode of trial upon an issue of fact is by jury. Proceedings in forfeited bail cases, after judgment *nisi* and the issuance of citation, are the same as in civil cases, except where otherwise provided by statute; and upon the question of trial by jury in such cases, the rules applicable to civil cases will apply. The appellants in this case having complied with the law entitling them to a jury, the court below erred in withholding the right.

3. SAME—BAIL.—A peace officer making an arrest for a felony by virtue of the warrant of a magistrate, has no right to take bail, but must take the accused before the proper magistrate named in the writ. The warrant in this case charged a felony, and bail was accepted by the officer who made the arrest. *Held,* that the motion to quash the bail bond should have prevailed.

APPEAL from the County Court of Collin. Tried below before the Hon. T. C. Goodner, County Judge.

The appeal in this case was from the final judgment upon the forfeiture of the appearance bond of Joseph Short, bailed in the sum of seven hundred and fifty dollars upon the charge of wilfully and maliciously burning a public bridge over East Fork creek, in said Collin county. The opinions disclose the questions which arose upon the trial in the trial court and this court.

*J. S. Jenkins, G. F. Thomas* and *W. M. Abernathy,* for the appellants.

*J. H. Burts,* Assistant Attorney General, for the State, moved to dismiss the appeal for reasons shown in the first opinion delivered by this court.

HURT, JUDGE. W. D. Short, by the name of Joe Short, entered into a bond to secure his appearance before justice Beverly, of Collin county, in the sum of seven hundred and fifty dollars, with William Short, W. C. Stanford, T. W. Garrett, J. H. Smith and E. D. McWilliams as his sureties, to answer the charge of wilfully burning a public bridge. Short failing to appear as required by his bond, forfeiture was taken and judgment *nisi* entered, which upon final trial was made absolute and final. From this judgment Short and his sureties appealed to the county court, the appeal bond being signed by all the parties

against whom judgment was entered in the justice's court, and as sureties this appeal bond is signed by T. C. DeSpain, I. V. Stark and J. S. Jenkins.

A trial in the county court resulted in a judgment against the same parties against whom judgment was rendered in the justice's court. There was no judgment taken against DeSpain, Stark and Jenkins, or either of them, the sureties on the appeal bond to the county court.

The same parties who appealed from the justice's to the county court, appeal from the county court to this court, with DeSpain, Stark and Jenkins as sureties, being the same parties who were sureties on the appeal bond from the justice's to the county court.

The Assistant Attorney General moves to dismiss the appeal: 1. Because there is no final judgment in the county court from which an appeal will lie. 2. The sureties on the appeal bond from the justice's to the county court were not disposed of by the judgment of the county court. 3, 4 and 5. The pretended sureties on the appeal bond to this court, being parties to the suit, by reason of their being sureties on the appeal bond from the justice's to the county court, are not legal and proper sureties, and therefore there are no sureties on the appeal bond to this court.

First ground: Was it necessary to make the judgment final a judgment from which an appeal would lie, to enter judgment against, or in some legal manner dispose of, the sureties on the appeal bond from the justice's to the county court? We are of the opinion that it was not.

Third, fourth and fifth grounds: No judgment being entered against these sureties, were they rendered incompetent sureties on the appeal bond to this court by reason of the fact that they were sureties on the appeal bond from the justice's to the county court? We are of the opinion that they were not. The motion to dismiss the appeal is therefore overruled.

*Motion overruled.*

[Reporters' Note.—At a subsequent day of the term the case was disposed of upon its merits in the following opinion.]

Willson, Judge.  1. It is well settled that the effect of a general denial is to put in issue all the material issuable allegations in the plaintiff's petition. (W. & W. Con. Rep., secs. 616, 617.)

---

---

In a proceeding upon a forfeited bail bond, the citation serves the purpose of a petition. A general denial pleaded to it puts in issue all the allegations constituting the State's cause of action, and casts upon the State the burden of proving such allegations. (*Houston* v. *The State,* 13 Texas Ct. App., 560; *Goodin* v. *The State,* 14 Texas Ct. App., 443.) It is manifest, therefore, that the court erred in holding that no issue of fact had been presented in this case, the general denial having been pleaded.

2. "The right of trial by jury shall remain inviolate." (Bill of Rights, section 15; Rev. Stats., Art. 3059.) Any party to a civil suit is entitled to a trial by jury, upon complying with the requirements of the law. (Rev. Stats., Art. 3061.) In criminal cases, the only mode of trial upon an issue of fact is by jury, unless in cases specially excepted. (Code Crim. Proc., Art. 594.) Proceedings in forfeited bail cases *after* judgment *nisi* and the issuance of citation, are the same as in civil causes, except where otherwise specially provided by statute. (*Hart* v. *The State,* 13 Texas Ct. App., 555.) Trial by jury in such cases would therefore be governed by the rules applicable to such trials in civil causes. In the case before us, appellants having complied with the law entitling them to a trial by jury, it was error to withhold from them that right, and for this error the judgment would be reversed, if in all other respects it was correct.

3. When a sheriff or other peace officer arrests a person under a warrant issued by a magistrate upon a charge of *felony,* it is the duty of such sheriff or peace officer to take such person forthwith before the magistrate who issued the warrant, or before the magistrate named in the warrant. (Code Crim. Proc., Art. 247.) No authority is given by law to the sheriff or peace officer in such cases to take bail. That authority is vested in the magistrate. (Code Crim. Proc., Art. 259 *et seq.; Busby* v. *The State,* 13 Texas, 136; *State* v. *Miller,* 31 Texas, 564; *Kiser et al.* v. *The State,* 14 Texas Ct. App,, 201.) In *Patillo* v. *The State,* 9 Texas Court of Appeals, 456, there is an intimation that a peace officer having a warrant of arrest may in all cases which are bailable take bail, and Articles 285 and 296 of the Code of Criminal Procedure are cited as authority. In that case the accused had been arrested upon a *capias,* and hence the question there was a very different one than that presented in this case.

We are of opinion that where all the provisions of the law bearing upon this question are considered and construed to-

gether, it must be held that a peace officer, under a warrant of arrest for a felony, has no authority to take bail, but must forthwith take the accused before the proper magistrate. It was error, therefore, to overrule appellant's motion to quash the bail bond, the said bond being a nullity because taken without authority of law.

The judgment is reversed and the cause is dismissed.

*Reversed and dismissed.*

Opinion delivered April 23, 1884.